JUDGE PRESKA

08 CV 00435

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAURICE DAVIS

                Plaintiff,

        - against-                            Index No.

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, HARLEM HOSPITAL
CENTER, METROPOLITAN HOSPITAL CENTER,
JUNE BOBCOMBE, and the CITY OF NEW YORK,     COMPLAINT

                Defendants.
-----------------------------------------------------------x

RECEIVED JAN 17 2008 U.S.D.C. S.D.N.Y.

Plaintiff by her attorneys, the Law Offices of Jonathan Weinberger, as and for her complaint, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought for Violation of the Right to Free Speech under the First Amendment, 1 U.S.C.A. §1, property interest and liberty interests under the Fifth and Fourteenth Amendments and 42 U.S.C.A. §1983 and §1985, for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et seq., and the Rehabilitation Act of 1973 (29 USC 791 et seq.), and to remedy discrimination and retaliation under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. This Court has jurisdiction over this matter under 42 U.S.C.A. §1983, 42 U.S.C.A. §§12101 et seq. and under 28 U.S.C.A. §§1331 and 1343(4). Jurisdiction of the claims under the

New York State Human Rights Law, and the Administrative Code of the City of New York is invoked under the principles of pendent jurisdiction.

4. As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief defendant NEW YORK HEALTH AND HOSPITALS CORPORATION is an agency of the City of New York.

6. Upon information and belief, defendant HARLEM HOSPITAL CENTER ("Harlem Hospital) is a municipal hospital under the control of NEW YORK HEALTH AND HOSPITALS CORPORATION and the City of New York.

7. Upon information and belief defendant METROPOLITAN HOSPITAL CENTER ("MHC") is a municipal hospital under the control of NEW YORK HEALTH AND HOSPITALS CORPORATION and the City of New York.

8. The City of New York is a municipality within the State of New York.

9. Defendants NEW YORK HEALTH AND HOSPITALS CORPORATION, Harlem Hospital and MHC are hereinafter collectively referred to as "HHC".

10. At all relevant times, defendant JUNE BOBCOMBE was Nursing Director of Ambulatory Care at Harlem Hospital, and plaintiff's supervisor.

11. Plaintiff at all relevant times was employed by HHC.

## BACKGROUND

12. In or about June, 1968, plaintiff began working for HHC.

13. In or about June, 2004, plaintiff was appointed head nurse at Harlem Hospital Eye

Clinic.

14. Defendants had knowledge of plaintiff's disabilities.

15. Plaintiff requested a reasonable accommodations for her disabilities.

16. Defendants failed and refused to provide reasonable accommodations.

17. Plaintiff complained about serious medical issues relating to the failure of doctors and other medical professionals to comply with medical procedures affecting medical care to patients.

18. These complaints included but were not limited to those enumerated below.

19. Plaintiff complained that medical professionals failed to wash their hands, clean medical instruments, and about the improper administration of and documentation of medications.

20. Plaintiff complained about improper medical procedures relating to protective glasses.

21. Plaintiff complained about improper use of technicians to perform medical procedures that should have been performed by doctors and/or qualified medical professionals.

22. Plaintiff complained about improper invasive procedures.

23. Plaintiff complained about doctors performing surgery without obtaining consent forms from patients, and otherwise failing to properly document and administer these procedures.

24. Plaintiff complained about improper discharge procedures after outpatient treatment, including but not limited to the failure to hold a conference with a nurse, or provide proper documentation of medical care to and for patients in connection with patient discharge.

25. Plaintiff complained that improper procedures were used for the administration of eye drops, risking contamination.

26. Plaintiff complained that technicians were improperly performing eye dilation, writing prescription for eye drops, using all the eye machines, taking patient histories, and making

their own patient assessments.

27. Plaintiff complained that technicians were performing improper procedures with regard to angiograms.

28. Plaintiff complained that technicians were otherwise providing medical treatment which should have been performed by doctors and/or qualified medical professionals.

29. Plaintiff complained about medication errors regarding patients.

30. Upon information and belief, pursuant to a contract with HHC, Harlem Hospital's ophthalmology department is administered and staffed by the College of Physicians and Surgeons of Columbia University ("Columbia").

31. Plaintiff complained to Columbia staff physicians regarding the improper medical conduct described herein.

32. Plaintiff complained to the New York State Nurses Association about the improper medical conduct described herein.

33. Plaintiff was told by her supervisor defendant Bobcombe to keep her mouth shut or she would not have a job.

34. On or about March, 2006, plaintiff was transferred to the Neurology Department without her consent and demoted to the position of staff nurse.

35. On or about April 7, 2006, plaintiff was improperly suspended.

36. Plaintiff was relieved from her duties by defendants' failure and refusal to make reasonable accommodations for her disabilities.

37. At all relevant times, defendants were notified of the above complaints.

38. At all relevant times, defendants retaliated against plaintiff, during and subsequent

to her firing, and created a hostile environment towards plaintiff.

39. At all relevant times, plaintiff had a disabilities within the meaning of the ADA, the Rehabilitation Act, the NYHRL and the NYCHRL, related to injuries to her neck, spine, hands, knees, shoulder and blood pressure and other disabilities, a record of disability and is regarded by defendants as having a disability.

40. At all relevant times, plaintiff had disabilities under the ADA, the Rehabilitation Act, the HRL and the NYCHRL.

41. At all relevant times, defendants were notified of plaintiff's disabilities, under the ADA, the Rehabilitation Act, the HRL and the NYCHRL.

42. At all relevant times, plaintiff requested reasonable accommodations for her disabilities and serious health conditions.

43. At all relevant times, plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

44. Defendants failed to afford plaintiff a reasonable accommodation for her disabilities and serious health conditions.

45. At all relevant times, defendants discriminated against plaintiff by reason of her disability, record of disability and/or because she was perceived to be disabled.

46. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

5

## FIRST COUNT

47. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

48. The above acts and practices of defendants constitute unlawful conduct and a violation of plaintiff's First Amendment rights, property interests and liberty interests under the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C.A. §1983 and §1985.

## SECOND COUNT AGAINST HHC

49. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

50. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, hostile environment and retaliation, in violation of the American with Disabilities Act.

## THIRD COUNT AGAINST HHC

51. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

52. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, hostile environment and retaliation, in violation of the Rehabilitation Act.

## FOURTH COUNT

53. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

54. The above acts and practices of defendants constitute unlawful discriminatory

employment practices based on disability, hostile environment and retaliation, in violation of the New York State Human Rights Law.

### FIFTH COUNT

55. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

56. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability, hostile environment and retaliation, in violation of the New York City Human Rights Law.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory and illegal acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, liquidated damages, attorney's fees, cost and disbursements, and legal interest thereon.
2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' illegal practices and activities.
3. A money judgment, in an amount to be determined at trial, for punitive damages.
4. Award plaintiff the cost of this action together with reasonable attorneys' fees.
5. Grant plaintiff such other and further relief as to this court appears just and proper.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff
BY: _____
(JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380