UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MAURICE DAVIS

                                      Plaintiff,

-against-

THE CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL CENTER, METROPOLITAN HOSPITAL CENTER, JUNE BOBCOMBE and THE CITY OF NEW YORK,

                                      Defendants.

**ANSWER ON BEHALF OF JUNE BOBCOMBE**

08 Civ. 00435 (LAP)

------------------------------------------------------------------ x

        Defendant June Bobcombe, by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her Answer to the Complaint, respectfully alleges as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the complaint.

4. Admits the allegation regarding venue as set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Bobcombe was plaintiff's supervisor at one time.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraphs "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint

20. Deny the allegations set forth in paragraph "20" of the complaint

21. Deny the allegations set forth in paragraph "21" of the complaint

22. Deny the allegations set forth in paragraph "22" of the complaint

23. Deny the allegations set forth in paragraph "23" of the complaint

24. Deny the allegations set forth in paragraph "24" of the complaint

25. Deny the allegations set forth in paragraph "25" of the complaint

26. Deny the allegations set forth in paragraph "26" of the complaint

27. Deny the allegations set forth in paragraph "27" of the complaint

28. Deny the allegations set forth in paragraph "28" of the complaint

29. Deny the allegations set forth in paragraph "29" of the complaint

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that Columbia University provides staff for the ophthalmology department.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Admit the allegations set forth in paragraph "34" of the complaint, except noting that an HHC employee does not have to consent to a transfer.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Defendant denies the allegations set forth in paragraphs 1-46 as if set forth fully herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Defendant denies the allegations set forth in paragraphs 1-48 as if set forth fully herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Defendant repeats and realleges her responses to the allegations set forth in paragraphs 1-50, as if set forth fully herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Defendant repeats and realleges her responses to the allegations set forth in paragraphs 1-52, as if set forth fully herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Defendant repeats and realleges her responses to the allegations set forth in paragraphs 1-54, as if set forth fully herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

### FOR A FIRST DEFENSE:

Defendant Bobcombe has not violated any rights, privileges or immunities under the Constitution or laws of the United States of the State of New York, or any political subdivision thereof.

**FOR A SECOND DEFENSE:**

Defendant Bobcombe exercised reasonable care to prevent and promptly eliminate any discriminatory, retaliatory or hostile behavior and/or environment.

**FOR A THIRD DEFENSE:**

Plaintiff cannot properly bring an action under 42 U.S. C. § 1983 for conduct which is specifically redressed by 42 U.S. C. Title VII §5000-e, and cannot bring an Equal Protection action based on being a one-person class.

**FOR A FOURTH DEFENSE:**

As an individual defendant, June Bobcombe cannot be liable under the Americans with Disabilities Act, the Rehabilitation Act, or the New York State Human Rights Law.

**FOR A FIFTH DEFENSE:**

Any injuries alleged in the complaint were caused in whole or in part by plaintiff's own culpable or negligent conduct.

**FOR A SIXTH DEFENSE:**

Defendant Bobcombe is immune from liability under 42 U.S.C.§ 1983 under the doctrine of Qualified Immunity.

**FOR A SEVENTH DEFENSE:**

Some or all of plaintiff's claims may be time-barred.

**FOR AN EIGHTH DEFENSE:**

Plaintiff has not satisfied the jurisdictional prerequisites to bringing an action under the American with Disabilities Act, in that no Right to Sue letter has been obtained.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as to the Court deems just and proper.

Dated:     New York, New York
           August 19, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-112
                                        New York, New York 10007
                                        (212) 788-8682

By:     _____
        Phyllis Calistro
        Senior Counsel
        (PC5527)